CLIFFORD A. FOSLIEN v. ALBERT G. SECKER.
JAMES R. BRENNAN v. SAME DEFENDANT.
ALBERT MELLIN v. SAME DEFENDANT.[1]

May 19, 1933.

Nos. 29,316, 29,317, 29,318.

*Jackson, Walsh & Yackel,* for appellant.
*Ralph S. Thornton* and *Reuben G. Thoreen,* for respondents.

*HILTON, Justice.*

These three cases were tried together. In each defendant appealed from an order denying an alternative motion for judgment non obstante or a new trial. Each case was that of a husband suing to recover.for damages sustained by him because of injuries received by his wife in an automobile accident due to the negligence of Anna Sacker.

[1]Reported in 248 N. W. 731.

In each of the Foslien and Brennan cases the recovery sought was for loss of services of the wife and expenses incurred prior to trial because of medical, surgical, and hospital treatment and nursing furnished, and for expenses to be incurred after trial for medical and other necessary treatment in the future and for future loss of services of the wife. Foslien also asked for damages on account of damage to his car. In the Mellin case the damages for which compensation was sought were limited to expenses incurred prior to the trial. The verdicts in the respective cases were: Foslien, $7,248.60; Brennan, $1,995.15; Mellin, $160. In all three cases defendant contends that the verdicts were excessive and given under the influence of passion and prejudice. In the Brennan and Mellin cases that contention is so manifestly unsound that we need not further refer to it. The Foslien case in that regard will be hereinafter considered.

Miss Sacker was driving her car northwesterly on paved trunk highway No. 3 near Anoka, Minnesota. In her car with her were Mrs. Brennan and Mrs. Mellin. The evidence clearly shows that Miss Sacker was negligent. Among other negligent acts, she was driving at an excessive rate of speed under the circumstances. Two northwestbound trucks were ahead of her, about one block apart, each on its proper side of the highway. After passing one truck she dropped behind the other and then soon swung again to her left to pass the other truck, and in so doing collided with a car driven by Foslien. He was accompanied by his wife; his car was proceeding southeasterly on its right side of the highway. The accident occurred October 18, 1931. Miss Sacker died intestate October 22, 1931.

One of the defenses in the Foslien case was that he was guilty of contributory negligence. That question was submitted to the jury, which with ample support in the evidence found adversely to defendant. There are no errors assigned as to rulings on the admission or rejection of evidence, nor as to the charge of the court. There remains for consideration only the question as to whether the damages allowed were excessive.

Foslien and his wife were each about 41 years of age. As a result of the accident Mrs. Foslien suffered severe injuries, several of which were of a permanent nature. She received a large bruise on the right side of the forehead, where a further operation will be necessary; blow to the right eye causing hemorrhage; cut on the upper eyelid; severe blow to the whole of the left arm and shoulder, with a spiral comminuted fracture of the left humerus; injury to the left hand resulting in permanent incapacity in its principal uses; severe blow and cuts on the left leg; fracture of the left patella; severe blow to left hip joint and the muscles and tendons tributary thereto; also injury to right hip, back, right hand, and foot; fracture of two front teeth; and severe shock to her entire system. Of these the permanent results will be serious limitation of the movement in the use of the left arm; damaged nerves of left hand; stiffening of left knee caused by the fracture of the patella; and a lasting weakening of her general nervous system. She is unable to raise her left hand above her left shoulder; the fingers of that hand are stiffened and bent; she can only partly close the hand. Because of the permanent nature of her injuries she will be able only partly to perform her previous household duties.

The evidence showed that the actual necessary disbursements made by the husband for her on account of her ailments amounted at the time of the trial to $1,344.65. The damage to Foslien's car was $350. There was testimony showing that the expense of future medical, surgical, and massage treatment would amount approximately to $2,000. The evidence showed that because of Mrs. Foslien's permanent injuries it would be necessary for her husband to furnish a maid for household service and that the reasonable value of such maid service would be at least six dollars a week in addition to room and board.

The trial court in its memorandum expressed the view that the verdict was not excessive nor given under the influence of passion and prejudice; that although the award was liberal the evidence would have justified even a larger verdict than was returned, considering that the expectancy of life of each was more than 25 years

and that because of her permanent injuries she will not be able to perform her household duties as she did before the accident. With these views we are in accord.

Order affirmed in each case.